UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| NATIONAL FOUNDATION FOR SPECIAL NEEDS INTEGRITY, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:16MC102 RLW |
| DEVON C. REESE, as the Personal Representative for the Estate of Theresa A. Givens, Deceased, | ) ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Joint Motion of Non-Parties Seth Webb and Andrea McGaughey to Quash Subpoenas to Testify at a Deposition and/or for Protective Order Forbidding Discovery (ECF No. 1). Also pending is Defendant Devon C. Reese's ("Estate") Motion to Expedite Hearing (ECF No. 3).

## Background

This case is related to a civil action filed in the Southern District of Indiana, *National Foundation for Special Needs Integrity, Inc. v. Devon C. Reese, as the Personal Representative for the Estate of Theresa A. Givens, Deceased*, No. 1:15-CV-0545-TWP-DKL. The underlying litigation involves a dispute over settlement proceeds that the Decedent, Theresa A. Givens ("Decedent"), received from a personal injury suit. According to the pending motions, Decedent established a trust with National Foundation for Special Needs Integrity, Inc. ("NFSNI"). Following her death, NFSNI refused to distribute the funds to the Decedent's three surviving adult children, which the Estate claims was due to the Decedent's trust Joinder Agreement

mistakenly designating Decedent as the remainder beneficiary. NFSNI claims that it is entitled to the funds pursuant to the Joinder Agreement.

Brown & Crouppen, P.C. through attorney Seth Webb represented Decedent in her personal injury claim in 2011. Andrea McGaughey is a paralegal with Brown & Crouppen. According to the Estate, Mr. Webb put Decedent in touch with NFSNI to establish a special needs trust, and Ms. McGaughey signed the Joinder Agreement as a witness to Decedent's signature.

The Estate contends that Mr. Webb and Ms. McGaughey are key and material witnesses to the circumstances surrounding the completion and execution of the Joinder Agreement at the center of the Indiana litigation. On February 3 and February 4, 2016, Ms. McGaughey and Mr. Webb ("Deponents") were served with subpoenas to appear and testify at a deposition February 17, 2016, and produce any email correspondence related to the Decedent. Deponents filed a Motion to Quash Subpoenas and/or for a Protective Order on February 16, 2016, asserting that they do not have any personal knowledge of the circumstances surrounding the Decedent's choice of NFSNI or how the Joinder Agreement was completed and approved by NFSNI. Further, they maintain that the depositions are designed to set up a legal malpractice claim against Brown & Crouppen. Defendant contends that an agent of NFSNI asked that Mr. Webb contact him regarding the trust and that Ms. McGaughney witnessed the execution of the Joinder Agreement, making them material witnesses to the underlying case.

## **Discussion**

The scope of discovery for actions filed in federal court are set forth in Federal Rule of Civil Procedure 26(b)(1). That rule provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case,

2

> considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "The rule vests the district court with discretion to limit discovery if it determines, inter alia, the burden or expense of the proposed discovery outweighs its likely benefit." *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 361 (8th Cir. 2003) (citing Fed. R. Civ. P. 26(b)(1)); *see also* Fed. R. Civ. P. 45(d) (authorizing the court to ensure the party responsible for issuing a subpoena takes "reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena").

Under Federal Rule of Civil Procedure 26(c), a party may move for a protective order pertaining to discovery requests in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." "Because of liberal discovery and the potential for abuse, the federal rules 'confer[ ] broad discretion on the [district] court to decide when a protective order is appropriate and what degree of protection is required.'" *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 30, 36 (1984)). "The party moving for the protective order has the burden to demonstrate good cause for issuance of the order." *Buehrle v. City of O'Fallon, MO*, No. 4:10CV00509 AGF, 2011 WL 529922, at *2 (E.D. Mo. Feb. 8, 2011) (citation omitted). In order to show good cause, "the parties seeking protection must show that specific prejudice or harm will result if no protective order is granted." *Id.* (citation omitted). Stereotypical and conclusory statements are insufficient to establish good cause under Rule 26(c). *Miscellaneous Docket Matter No. 1*, 197 F.3d at 926.

Here, Deponents argue that the burden on them outweighs any need for their deposition testimony because they would need to take time off from their full-time employment. They also assert that the subpoena requires disclosing confidential information. The Court disagrees and will deny the Deponent's motion to quash or for protective order. The Court recognizes that the deposition requests pertain to a case in Indiana, in which the Deponents are not parties. However, both Deponents have acknowledged involvement with the Decedent and NFSNI with regard to the Indiana litigation. (Webb Aff. ¶¶ 5, 7, ECF No. 1-6; McGaughey Aff. ¶¶ 3-4, ECF No. 1-7) Thus, the Court finds their testimony relevant to the underlying case. Further, other than general denials of specific knowledge and conjecture that their law firm may be subjected to a legal malpractice suit, Deponents have not set forth specific facts indicating harm. *See In re Complaint Osage Marine Servs., Inc.*, NO. 4:10-CV-1674 (CEJ), 2011 WL 6813076, at *2 ("To obtain a protective order, the movant 'must make a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one.'") (quoting *Fridered v. Schlitz*, 150 F.R.D. 153, 156 (S.D. Iowa 1993)).

As stated above, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). "Broad discovery is an important tool for the litigant." *WWP, Inc. v. Wounded Warriors Family Support, Inc.*, 628 F.3d 1032, 1039 (8th Cir. 2011). In this instance, the Court finds that Deponents have failed to demonstrate that the requested depositions do not come within the broad scope of relevance or are so marginally relevant that the potential harm outweighs the presumption favoring broad discovery. *Frey v. Fed. Reserve Bank of St. Louis*, No. 4:15-CV-737 (CEJ), 2015 WL 8276932,

at *2 (E.D. Mo. Dec. 8, 2015) (citations omitted). Thus, the Court will deny the motion to quash and/or for protective order.

Accordingly,

**IT IS HEREBY ORDERED** that the Joint Motion of Non-Parties Seth Webb and Andrea McGaughey to Quash Subpoenas to Testify at a Deposition and/or for Protective Order Forbidding Discovery (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant/Counterclaimant's Motion to Expedite Hearing (ECF No. 3) is **DENIED** as **MOOT.**

Dated this 19th day of February, 2016.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**